UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JACQUES MITRI
      Plaintiff

v.

AURORA LOAN SERVICES, LLC;
HOMECOMINGS FINANCIAL
NETWORK INC; PRESIDENTIAL
MORTGAGE CORPORATION,
NATIONSTAR MORTGAGE , LLC
      Defendants

Civil Action No. _____

Middlesex Superior Court
Case No. 2015 CV 05502

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 & 1446, Defendants Aurora Loan Services,

LLC ("Aurora") and  Nationstar Mortgage (Nationstar) (collectively the "Defendants") hereby

remove the action entitled *Jacques Mitri v. Aurora Loan Services, LLC, Homecomings Financial*

*Network Inc., Presidential Mortgage Corporation, Nationstar Mortgage, LLC, Middlesex*

*Superior Court Department of The Trial Court of Massachusetts Civil Action No. 2015 CV 0552*

*9* (the "Superior Court Action")  to the United States District Court for the District of

Massachusetts (the "District Court").  Pursuant to LR 3.1, the Civil Cover Sheet and Category

Sheet to accompany this Notice of Removal are attached hereto as **Exhibit "A."**  The grounds

for removal are federal question jurisdiction and diversity jurisdiction due to the diverse

citizenship of the parties.  Defendants' specific grounds for removal of this action are as follows:

1.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed timely.

      a.   Plaintiff Mitri filed an Amended Complaint on November 24, 2015 that

           Plaintiff asserts was sent by certified mail on December 3, 2015 to all four

defendants and sent by FedEx to Defendant Aurora on December 11, 2015.

b. Plaintiff did not file any return of service with respect to any of the Defendants as reflected on the Superior Court Docket Sheet and as confirmed by Defendants' counsel who personally reviewed the original Superior Court file on December 17, 2015.

c. On December 15, 2015, Defendants' counsel requested copies of the pleadings and service papers from Plaintiffs' counsel at a hearing on a preliminary injunction in the Superior Court action. Plaintiff's counsel engaged in sharp practice in intentionally withholding notice of the hearing from Defendants' counsel knowing full well that Defendants' counsel represented Aurora and Nationstar in directly related actions. In any event, the papers provided appear to show service by certified mail and overnight mail as stated above.

d. A copy of the Amended Complaint and the service papers provided on December 15, 2015 by Plaintiff's counsel are attached hereto as **Exhibit "B"**.

e. The other papers provided by Plaintiffs' counsel included the following:

    i) A Summons and Temporary Restraining Order to Aurora dated December 2, 2015;

    ii) A Summons and Temporary Restraining Order to Nationstar dated December 2, 2015;

    iii) An Emergency Ex Parte Motion for Enlargement of Time for Service of Process with the Court's notation, dated 12/2/15,

"Allowed in Part. Service is to be made on or before December 7, 2015";

iv) A tracking order dated August 26, 2015;

v) Emergency Ex Parte Motion for Injunctive Relief, allowed on December 2, 2015;

vi) Affidavit of Gershon M. Gulko, dated December 3, 2015, attesting to service of process by Certified Mail on all parties;

vii) Emergency Ex Parte Motion for Approval of Memorandum of Lis Pendens filed in Court on December 2, 2015 with the Court's notation "allowed, ex parte";

viii) Memorandum in Support of Motion for Notice of Lis Pendens; and

ix) A Notice of Lis Pendens dated November 2, 2015, but certified by the Court Clerk on December 2, 2015.

f. This Notice of Removal is filed with the District Court within thirty (30) days of service of the initial pleadings in the Superior Court Action.

2. The Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that Plaintiff Jacques Mitri ("Plaintiff") alleges violations of the Truth in Lending Act, 15 U.S.C. §1601 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.,* claims that are created by, and arise under, federal law.  To the extent any other claims in the Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. §§ 1367 and 1441(c).

3.     Pursuant to 28 U.S.C. § 1332(a), there is also complete diversity of citizenship between the Plaintiff and all four Defendants.  Specifically, Plaintiff Mitri is an individual residing at 26 Noel Drive, Holliston, Middlesex County, Massachusetts as alleged in Paragraph 1 of the Amended Complaint.  Plaintiff alleges in Paragraph 2 that Aurora Loan Services is a subsidiary of Aurora Bank FSB and is a Delaware corporation with a principal place of business located at Brandywine Building, 1000 North West, Suite 2000, Wilmington, Delaware 19801.  In Paragraph 3, Plaintiff alleges that Homecomings Financial Network, Inc. ("Homecomings") is a subsidiary of Residential Funding Corporation (GMAC-FRC) and maintains a principal place of business located at 7801 Metro Parkway, Suite 100, Minnneapolis, Minnesota 55425.  In Paragraph 4, Plaintiff alleges that Presidential Mortgage Corporation, is a subsidiary of Prime Lending, Inc. ("Presidential") and is a Texas corporation with a principal place of business located at Prime Lending Corporate Offices, 18111 Preston Drive, Suite 900, Dallas, Texas 75252.  And, in Paragraph 5, Plaintiff alleges that Nationstar is a Limited Liability Company with a principal office in Texas located at 350 Highland Drive, Lewisville, Texas 75067.

4.     Likewise pursuant to 28 U.S.C. § 1332(a), the amount-in-controversy requirement, exclusive of interest and costs, is met. The face amount of the mortgage at issue is $603,900.00.

a.     "For the purpose of establishing diversity jurisdiction, the amount in controversy is determined by looking to the circumstances at the time the complaint is filed." *See, e.g.*, *Barbosa v. Wells Fargo Bank, N.A.*, Civ. No. 12-12236-DJC, 2013 WL 4056180, at \*3 (D.Mass. Aug. 13, 2013) (citation omitted).

b.     The amount-in-controversy requirement is met so long as it does not "appear to a legal certainty that the claim is really for less than the jurisdictional amount." *McKenna v.*

*Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (quoting, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

        c.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver.Comm'n*, 432 U.S. 333, 347 (1977)).

        d.    "The value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004)).

        e.    "In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction." *Morse v. Residential Credit Solutions, Inc.*, Civ. No. 11-12275-RWZ, 2012 WL 458492, at *1 (D.Mass. Feb. 13, 2012) (citing *Bedard v. MERS, Inc.*, Civ. No. 11-00117-JL, 2011 WL 1792738, at *2-3 (D.N.H. May 11, 2011) (collecting cases); *see also, e.g.*, *McKenna*, 693 F.3d at 212 n.4 (citation omitted).

     5.    The Complaint seeks, *inter alia*, a declaratory judgment deeming the foreclosure and the Mortgage to be void and rescinded as well as damages related thereto. *See* Compl., §§ 37, 38, 92.

     6.    On or about October 6, 2005, Jacques E. Mitri granted Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First Horizon Home Loan Corporation, a mortgage ("Mortgage") on the property located at 26 Noel Drive, Holliston, Massachusetts 01746 ("Property") to secure a note in the original principal amount of $671,000. The Mortgage was recorded with the Middlesex South County Registry of Deeds in Book 46241, Page 150.

The Mortgage is the mortgage at issue, as referenced in the Complaint, *see* Compl. ¶¶ 9-13, on which Plaintiff seeks to rescind and void foreclosure. A true and accurate copy of the Mortgage is attached hereto as **Exhibit "C."** *See McKenna*, 693 F.3d at 213 (initial lender "deemed the property to be adequate security for a $430,000 loan as of November 2006, making it highly likely that on removal [on March 10, 2010], the property was worth at least $75,000").

7.      The publicly-available tax assessment for the Property, *available at* http://www.townofholliston.us/assessors-office lists the assessed value for the Property for Valuation Year 2015 as **$618,400**. A true and accurate copy of a computer print-out of this tax assessment from the Holliston Board of Assessors is attached hereto as **Exhibit "D."**

8.      Pursuant to LR 40.1, the Eastern Division of the District of Massachusetts is the proper venue for removal, because this Division includes Middlesex County, in which the Superior Court Action was filed, and where Mitri resides.

9.      Pursuant to LR 81.1, Nationstar and Aurora will, within twenty-eight (28) days after filing this Notice of Removal, file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

10.     Pursuant to 28 U.S.C. § 1446(d), Aurora and Nationstar are simultaneously filing a copy of this Notice of Removal of the action with the Middlesex Superior Court Department, in the Superior Court Action. Nationstar and Aurora will serve Plaintiff with a copy of this Notice of Removal and the Notice filed in the Superior Court Action.

11.     By virtue of this Notice of Removal and the Notice filed in the Superior Court Action, Aurora and Nationstar do not waive their right to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

AURORA LOAN SERVICES LLC AND
NATIONSTAR MORTGAGE LLC,
By their attorneys,

*/s/ Richard B. Michaud*
Richard B. MichaudEsquire BBO No. 345000
Alison Kinchla BBO No. 676379
BERNKOPF GOODMAN LLP
Two Seaport Lane, 9th Floor
Boston, MA  02210
Tel: (617) 790-3000
Fax: (617) 790-3300
rmichaud @bg-llp.com
akinchla@bg-llp.com

Dated:  December 18, 2015

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JACQUES MITRI
    Plaintiff

v.

AURORA LOAN SERVICES, LLC;
HOMECOMINGS FINANCIAL
NETWORK INC; PRESIDENTIAL
MORTGAGE CORPORATION,
NATIONSTAR MORTGAGE , LLC
    Defendants

Civil Action No. _____

Middlesex Superior Court
Case No. 2015 CV 05502

## CERTIFICATE OF SERVICE

I, Alison M. Kinchla, hereby certify that a copy of the Notice of Removal, with all

Exhibits thereto, was served via First Class Mail to the following parties:

Gershon M. Gulko, Esquire
P.O. Box 20600
Worcester, MA 01602-0600

Homecomings Financial Network, Inc.
7801 Metro Parkway – Suite 100
Minneapolis, MN 55425

Presidential Mortgage Corporation
Prime Lending Corporate Offices
18111 Preston Drive – Suite 900
Dallas, Texas 75252

Signed under the pains and penalties of perjury this 19th day of December, 2015.

AURORA LOAN SERVICES LLC AND
NATIONSTAR MORTGAGE LLC,
By their attorneys,

/s/ Richard B. Michaud
Richard B. Michaud BBO No. 345000
Alison Kinchla BBO No. 676379
BERNKOPF GOODMAN LLP
Two Seaport Lane, 9th Floor
Boston, MA  02210
Tel: (617) 790-3000
Fax: (617) 790-3300
rmichaud @bg-llp.com
akinchla@bg-llp.com

663754 v2/38755/123

8